# Exhibit A

NOTICE OF SUIT TO SHERIFF OF ALLEGHENY CO.

You are hereby notified that on 05/12/2021

a COMPLAINT has been filed in this case

and you are required to serve the same on or before the

06/11/2021

Michael McGeever, Director

Department of Court Records

## COMPLAINT IN CIVIL ACTION

### IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| Plaintiff(s) | |
|---|---|
| Hronakes, George | Case Number: **GD-21-005301** |
| | Type of pleading: **Complaint** |
| | Filed on behalf of: **Hronakes George** |
| | <u>Murphy F. Howard</u> (Name of filing party) |

| Defendant(s) | VS |
|---|---|
| Brinker Penn Trust, dba Chili's Grill & Bar | [X] Counsel of Record |
| Brinker International, dba Chili's Grill & Bar | [ ] Individual, If Pro Se |
| | Name, Address and Telephone Number: |
| | Murphy F. Howard |
| | **331 Regis Avenue** |
| | Pittsburgh, PA, 15236 |
| | 412 6536000 |
| | 412 4710677 |
| | Attorney's State ID: **82271** |



Michael McGeever, Director, Department of Court Records

NOTICE OF SUIT TO SHERIFF OF ALLEGHENY CO.

You are hereby notified that on 05/12/2021

a COMPLAINT has been filed in this case

and you are required to serve the same on or before the

06/11/2021

Michael McGeever, Director

Department of Court Records

## COMPLAINT IN CIVIL ACTION

### IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| Plaintiff(s) | |
|---|---|
| **Hronakes, George** | Case Number: **GD-21-005301** |
| | Type of pleading: **Complaint** |
| | Filed on behalf of: **Hronakes George** |
| | **Murphy F. Howard** |
| | (Name of filing party) |

| Defendant(s) | VS | |
|---|---|---|
| **Brinker Penn Trust,** dba Chili's Grill & Bar | [X] | Counsel of Record |
| **Brinker International,** dba Chili's Grill & Bar | [ ] | Individual, If Pro Se |
| | Name, Address and Telephone Number: | |
| | **Murphy F. Howard** | |
| | **331 Regis Avenue** | |
| | **Pittsburgh, PA, 15236** | |
| | 412 6536000 | |
| | 412 4710677 | |
| | Attorney's State ID: **82271** | |

Michael McGeever, Director, Department of Court Records

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE HRONAKES, | ) | CIVIL DIVISION |
| Plaintiff | ) | GD-21-005301 |
| vs. | | |
| BRINKER PENN TRUST & BRINKER INTERNATIONAL, d/b/a CHILI'S GRILL & BAR | ) ) ) ) | |
| Defendants | ) | |

Filed on Behalf of Plaintiff:

Eugene Santorella

Counsel of Record for this Party:

HOWARD MURPHY, ESQUIRE
PA I.D. #: 82271

ERIN SANTORELLA, ESQUIRE
PA I.D. #: 308923

331 Regis Avenue
Pittsburgh, Pa 15236
hfm@howardfmurphy.com
412-653-6000
412-653-6020 (FAX)



E-FILED
MAY 1 2 2021
CIVIL/FAMILY DIVISION
DEPT. OF COURT RECORDS
ALLEGHENY COUNTY, PA

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE HRONAKES, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff | ) | No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| BRINKER PENN TRUST & | ) | |
| BRINKER INTERNATIONAL, | ) | |
| d/b/a CHILI'S GRILL & BAR | ) | |
| | ) | |
| Defendants | ) | |

## **NOTICE TO DEFEND**

YOU HAVE BEEN SUED in court.  IF YOU WISH TO DEFEND against the claims set forth in the following pages, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claim set forth against you.  You are warned that IF YOU FAIL to do so, the case may proceed without you  and A JUDGMENT may be entered against you by the court without further notice for any money claimed in the complaint or for any claim or relief requested by the plaintiff.  YOU MAY LOSE MONEY OR PROPERTY or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE OR KNOW A LAWYER, THEN YOU SHOULD GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**LAWYER REFERRAL SERVICE**
**Allegheny County Bar Association**
**436 Seventh Avenue**
**Pittsburgh, PA 15219**
**(412) 261 - 5555**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY,
PENNSYLVANIA

| | | |
|---|---|---|
| GEORGE HRONAKES, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff | ) | No.: |
| | ) | |
| vs. | ) | |
| | ) | |
| BRINKER PENN TRUST & | ) | |
| BRINKER INTERNATIONAL, | ) | |
| d/b/a CHILI'S GRILL & BAR | ) | |
| | ) | |
| Defendants | ) | |

## COMPLAINT IN CIVIL ACTION

AND NOW, comes the Plaintiff, GEORGE HRONAKES, by and through his attorneys, Howard F. Murphy, Esquire, and Erin L. Santorella, Esquire, and files the following Complaint in Civil Action and in support thereof avers as follows:

1. Plaintiff, GEORGE HRONAKES, is an adult individual residing at 350 Wickhaven Hollow Road, Wickhaven, Fayette County, Pennsylvania 15492.

2. Defendant, BRINKER PENN TRUST, d/b/a Chili's Grill and Bar, is a Pennsylvania business trust which is a subsidiary company of Brinker International and which owns and operate various Chili's restaurants in Allegheny County and which has an address at 2207 Mountain View Drive, West Mifflin, Allegheny County, PA 15122.

3. Defendant, BRINKER INTERNATIONAL, d/b/a Chili's Grill and

Bar, is a multinational corporation who owns and operates numerous restaurant chains and various subsidiary companies including, but not limited to the Chilii's restaurant chain and Brinker Penn Trust and which has an address at 3000 Olympus Boulevard, Dallas Texas 75019.

4. Both Defendants own and operate the Chili's restaurant located at 2207 Mountain View Drive, West Mifflin, Allegheny County, PA 15122.

5. The Plaintiff has been employed by the Defendants since 1992.

6. At all times relevant hereto, the Plaintiff has been employed as a food server at the Defendants' said West Mifflin Chili's restaurant location.

7. It is believed and averred that at all time relevant hereto that each of the Defendants employed several hundred people.

8. At all times relevant hereto, each of the Defendants were, an "employer" as defined by the Pennsylvania Human Relations Act, the Age Discrimination in Employment Act of 1967 and Title VII of the Federal Civil Rights Act of 1964.

9. At all times relevant hereto, Plaintiff was an "employee" as defined by the Pennsylvania Human Relations Act, the Age Discrimination in Employment Act of 1967 and Title VII of the Federal Civil Rights Act of 1964.

10. In May of 2019, the Plaintiff began to receive less hours on the weekly work schedule than he normally would receive.

11. On May 31, 2019, the Plaintiff had a discussion with his supervisor, Rian Martin, who was the restaurant's general manager at that time.

12. At that time, Mr. Martin was an agent and employee of the Defendants and was acting in his capacity as the general manager of the Defendants' said restaurant.

13. At that time, the Plaintiff told Mr. Martin that he was concerned about the reduction in hours on his schedule and also stated some concerns about the benefits being offered by the company at that time.

14. During this conversation, Mr. Martin asked the Plaintiff:

   a. "how old are you?"
   b. "how long do you expect to work here?"
   c. "at your age, don't you have any other sources of income or any money saved?"

15. Mr. Martin made other general comments about the Plaintiff's age and indicated that he was too old to continue doing this kind of work.

16. On June 16, 2019 Mr. Martin and the Plaintiff had another inappropriate and contentious conversation where Mr. Martin referenced the Plaintiff's age, used obscene language and asked him why he continued to return to work.

17. This was not the first time that the Plaintiff had been singled out for harsh and inappropriate treatment as a result of his age.

18. In fact, the Plaintiff had made a complaint about similar treatment to the Defendants' Human Resources Department about such conduct several years prior to this and was able to reach a satisfactory resolution at that time.

19. The Plaintiff was hopeful that he would be able to resolve these

issues as well and contacted the Defendants' human resources department.

20.     However, the Defendants did not take the Plaintiff's complaints seriously and did not address the Plaintiff's concerns about receiving reduced hours or being treated inappropriately due to his age.

21.     The Plaintiff believes and avers that his hours were reduced because of his age and for no other legitimate reason.

22.     Moreover, the Plaintiff was treated differently than his younger co-workers while he was at work.

23.     The Plaintiff was yelled at, cursed at and confronted by his co-workers and managers

24.     The said reduction in hours and disparate treatment resulted in the Plaintiff earning less money than he had previously earned and made it more difficult for him to support himself.

25.     Moreover, the reduction in hours along with the hostile comments about his age and other mistreatment as well as the uncertainly he felt about how he would be treated and whether he would be permitted to continue to work at his job caused the Plaintiff to experience anxiety and physical and emotional distress.

26.     Specifically, in addition to feeling anxiety and gastric upset, the Plaintiff had trouble sleeping, experienced acid reflux, had flare ups from an underlying ulcer and developed stress induced eczema

## COUNT I
### (Hostile Work Environment)

27. Plaintiff incorporates by reference, Paragraphs 1 through 26 of this Complaint as if the same have been set forth at length herein.

28. The Plaintiff's work schedule was reduced and he was harassed, mistreated and retaliated against as aforesaid due to his age.

29. As a result of his age the Plaintiff was isolated, alienated and given a less desirable work schedule, given less desirable work assignments, yelled at, cursed at and told he was too old to be doing this kind of work.

30. Likewise, he was asked about his financial condition and encouraged to retire or find alternative ways to make money.

31. The Plaintiff informed the Defendants and their human resources department that the retaliation and offensive conduct was occurring, that he found it to be offensive and unwelcome and that he believed that Mr. Martin and his other managers and coworkers were harassing and retaliating against him due to his age.

32. The Defendants failed to take any reasonable steps to investigate and/or remedy the hostile work environment and harassment which the Plaintiff was subjected to.

33. To the contrary, the Defendants took no action to assist the Plaintiff or improve his work environment.

34. Said hostile work environment and harassment along with the Defendants' failure to investigate or remedy such conditions constitute discrimination in violation of the Pennsylvania Human Relations Act and Title VII of the Federal Civil Rights Act of 1964.

35. The Plaintiff has exhausted all administrative claims procedures required by the Pennsylvania Human Relations Act and Title VII of the Federal Civil Rights Act of 1964 and was issued a final determination / right to sue letter by the Pennsylvania Human Relations Commission dated November 9, 2020.

36. As a result of said disparate and wrongful treatment, harassment and reduction in hours, the Plaintiff sustained the following damages:

   A. Lost wages; and
   B. Physical and emotional distress, anxiety, embarrassment and humiliation.

37. Pursuant to the Pennsylvania Human Relations Act and Title VII of the Federal Civil Rights Act of 1964, the Plaintiff seeks to recover:

   A. Back pay;
   B. Front pay;
   C. Compensatory damages for his out of pocket expenses;
   D. Compensatory damages for the emotional distress, anxiety, embarrassment and humiliation which he endured;
   E. Punitive damages; and
   F. Attorneys fees and costs of suit.

WHEREFORE, the Plaintiff demands judgment against the Defendant, in an amount in excess of the jurisdictional limits of the Arbitration Division of this Court, plus punitive damages, interest, attorneys fees and costs.

**A JURY TRIAL IS DEMANDED.**

## COUNT II
### Santorella v. Seven Springs
### (Age Discrimination)

38. Plaintiff incorporates by reference, Paragraphs 1 through 37 of this Complaint as if the same have been set forth at length herein.

39. The Plaintiff was 62 years old at the time his hours were reduced and he was subjected to said hostile work environment.

40. The Defendants by and through their said agent and employee, made overt hostile comments to the Plaintiff about his age and stated that he was too old to continue to do his Job.

41. The Defendants by and through their said agent and employee, made overt hostile comments to the Plaintiff about his age and stated that he should find another way to support himself.

42. The Defendants by and through their said agent and employee, made overt hostile comments to the Plaintiff about his age and stated that he should have enough money saved in order to retire at this stage of his life.

43. Moreover, the Plaintiff had his hours reduced and was harassed and retaliated against by his managers and co-workers as aforesaid due to his age.

44. As a result of his age the Plaintiff was isolated, alienated and given a less desirable work schedule, given less desirable work assignments, yelled at,

cursed at and told he was too old to be doing this kind of work.

45. The Plaintiff informed the Defendants and their human resources department that the retaliation and offensive conduct was occurring, that he found it to be offensive and unwelcome and that he believed that Mr. Martin and his other managers and coworkers were retaliating against him due to his age.

46. The Defendants failed to take any reasonable steps to investigate and/or remedy the age discrimination, hostile work environment and harassment which the Plaintiff was subjected to.

47. To the contrary, the Defendants took no action to assist the Plaintiff or improve his work environment.

48. Instead, the Defendants allowed the Plaintiff's said supervisor and his managers and coworkers to harass and mistreat and retaliate against him.

49. Said hostile work environment and harassment along with the Defendants' failure to investigate or remedy such conditions constitute discrimination in violation of the Pennsylvania Human Relations Act, the Age Discrimination in Employment Act of 1967 and Title VII of the Federal Civil Rights Act of 1964.

50. The Plaintiff has exhausted all administrative claims procedures required by the Pennsylvania Human Relations Act, the Age Discrimination in Employment Act of 1967 and Title VII of the Federal Civil Rights Act of 1964 and was issued a final determination / right to sue letter by the Pennsylvania Human Relations Commission dated November 9, 2020.

51. As a result of said disparate and wrongful treatment, harassment and reduction in hours, the Plaintiff sustained the following damages:

    A. Lost wages; and
    B. Physical and emotional distress, anxiety, embarrassment and humiliation.

52. Pursuant to the Pennsylvania Human Relations Act, the Age Discrimination in Employment Act of 1967 and Title VII of the Federal Civil Rights Act of 1964, the Plaintiff seeks to recover:

    A. Back pay;
    B. Front pay;
    C. Compensatory damages for his out of pocket expenses;
    D. Compensatory damages for the emotional distress, anxiety, embarrassment and humiliation which he endured;
    E. Punitive damages; and
    F. Attorneys fees and costs of suit.

WHEREFORE, the Plaintiff demands judgment against the Defendant, in an amount in excess of the jurisdictional limits of the Arbitration Division of this Court, plus punitive damages, interest, attorneys fees and costs.

**A JURY TRIAL IS DEMANDED.**

Respectfully submitted,

_____
Howard F. Murphy, Esquire
Erin L. Santorella, Esquire

## VERIFICATION

The undersigned, GEORGE HRONAKES, herein avers that the statements of facts contained in the within the Complaint are true and correct to the best of my information, knowledge and belief and are made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsification to authorities.

DATE: _May 4, 2021_  _[signature]_
                     GEORGE HRONAKES